UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA YOUNG,

        Plaintiff,                    Case No. 13-13264

v.                                      Honorable Patrick J. Duggan

GREGORY J. AUTO SALES, INC.,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT

      Plaintiff Jessica Young filed the instant action against Defendant Gregory J. Auto Sales, Inc. on July 30, 2013, alleging violations of the Truth in Lending Act, the Federal Vehicle Cost Savings and Information Act, the Motor Vehicle Sales Finance Act, the Michigan Credit Reform Act, and the Motor Vehicle Installment Sales Contract Act.  Presently before the Court is Defendant's Motion to Enforce Settlement Agreement.  Having determined that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  For the reasons stated herein, the Court grants Defendant's motion.

**I.     Background**

The dispute presently before the Court involves Plaintiff's July 24, 2013 purchase of a 2007 Saturn Aura (the "vehicle") from Defendant. Soon after Plaintiff purchased the vehicle, a dispute developed with respect to additional charges in relation to the purchase of the vehicle and the manner in which those charges were presented to Plaintiff. As a result, Plaintiff instituted the present action on July 30, 2013.

On September 20, 2013, before Defendant answered Plaintiff's Complaint, Plaintiff's attorney filed a motion to withdraw as counsel, which Magistrate Judge David R. Grand granted in an Order dated October 8, 2013. While the aforementioned motion was pending before Magistrate Judge Grand, the parties to this action entered into a Settlement and Release Agreement. (Settlement Agreement, Def.'s Mot. Ex. A.) Formalized by the parties on September 25, 2013, the settlement agreement provides that Plaintiff was to release Defendant from any and all liability regarding the purchase and sale of the vehicle and to dismiss the case with prejudice and without costs. Plaintiff also agreed to execute and provide any and all documents necessary to purchase the vehicle from Defendant and execute and provide any and all documents necessary to arrange for third-party financing. In exchange, Defendant agreed to pay Plaintiff $1,500.00.

**II.     Analysis**

A federal court possesses the inherent authority to enforce agreements in settlement of litigation before it.  *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988) (citing *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976)).  Prior to "enforcing a settlement, a district court must conclude that agreement has been reached on all material terms."  *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645-46 (6th Cir. 2001) (citing *Brock*, 841 F.2d at 154).  If agreement has been reached all material terms, "[t]he court must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement."  *Brock*, 841 F.2d at 154.  Further, "where an agreement is clear and unambiguous and no issue of fact is present[,] no evidentiary hearing is required[.]"  *RE/MAX Int'l*, 271 F.3d at 646 (citing *Aro Corp.*, 531 F.2d at 1371).  "Thus, summary enforcement of a settlement agreement has been deemed appropriate where no substantial dispute exists regarding the entry into and terms of an agreement."  *Id.* (citations omitted).

The record demonstrates that Plaintiff and Defendant reached a settlement on or about September 25, 2013.  The agreement contains all material terms, as evidenced by the presence of an integration clause within the four corners of the agreement.  The parties' agreement requires Defendant to pay Plaintiff $1,500.00 in exchange for Plaintiff's dismissal of the present action with prejudice and

without costs and for Plaintiff's cooperation in executing and providing documentation necessary to purchase the vehicle and to arrange for third-party financing. Defendant's motion seeks enforcement of the agreement solely with respect to the dismissal of this lawsuit. The motion is otherwise silent as to whether Plaintiff has complied with the other agreed-upon provisions and as to whether Defendant has paid Plaintiff. Plaintiff has not responded to this motion and has not otherwise disputed the terms of the settlement agreement.

Pursuant to Michigan law, which the settlement agreement provides as the law governing this dispute, "[a]n agreement to settle a pending lawsuit is a contract and is to be governed by the legal principles applicable to the construction and interpretation of contracts." *Kloian v. Domino's Pizza L.L.C.*, 273 Mich. App. 449, 452, 733 N.W.2d 766, 770 (2006) (additional quotation marks and citation omitted). "Before a contract can be completed, there must be an offer and acceptance." *Id*. "'An acceptance sufficient to create a contract arises where the individual to whom an offer is extended manifests an intent to be bound by the offer, and all legal consequences flowing from the offer, through voluntarily undertaking some unequivocal act sufficient for that purpose." *Id*. at 453-54, 733 N.W.2d at 771 (quoting *Blackburne & Brown Mortg. Co. v. Ziomek*, 264 Mich. App. 615, 626-27, 692 N.W.2d 388 (2004)).

The settlement agreement attached to Defendant's motion evidences both parties' intent to be bound by the agreement.  Both Plaintiff and a representative of Defendant signed the agreement in the presence of a witness who also notarized the agreement.  The agreement, therefore, constitutes a binding contract and is subject to enforcement by this Court.

Accordingly,

**IT IS ORDERED** that Defendant Gregory J. Auto Sales, Inc.'s Motion to Enforce Settlement Agreement (ECF No. 6) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE AND WITHOUT COSTS**;

**IT IS FURTHER ORDERED** that Defendant shall pay the settlement amount of $1,500.00 to Plaintiff within thirty (30) days of the date of this Opinion and Order if it has not already done so.

Dated: April 1, 2014

                                             s/PATRICK J. DUGGAN
                                             UNITED STATES DISTRICT JUDGE

Copies to:
**Jessica Young**
5493 Argyle St., Apt.2
Dearborn, MI 48126

**Michael J. Weikert, Esq.**